UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ASHLEY BRENT,

                Plaintiff,             Docket No.: 08-CV-11380

         -against-

TEEMAN, PERLEY GILMARTIN, INC.,
MARYBETH GILMARTIN & KROLL
BACKGROUND AMERICA, INC.,

                Defendants.
---------------------------------------------------------------X


## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS


Of Counsel:

      Donald S. Campbell, Esq.

## **PRELIMINARY STATEMENT**

This lawsuit is brought against an employer, defendant Teeman, Perley GilMartin, Inc. ("TPG"), a member of the employer, defendant Marybeth GilMartin ("Gilmartin"), individually, (collectively "TPG Defendants"), and a background screening company, defendant Kroll Background America, Inc. ("Kroll"), for violations of the Federal Fair Credit Reporting Act ("FCRA")(15 U.S.C. § 1681, et seq.) and defamation, negligent misrepresentation and intentional infliction of emotional distress.

The Court should note that the plaintiff has settled her claims against defendant Kroll in this matter subject to the finalization of a release, stipulation of discontinuance and other related documents.  At such time as these documents are finalized and fully executed they will be submitted to this Court.  Thus, only the state-law claims against Defendants TPG and Gilmartin remain.  It is plaintiff's understanding that based upon the settlement with defendant Kroll, this Court is now divested of its jurisdiction over the remaining claims in this action.  At such time as the stipulation of discontinuance is filed with the Court Clerk, plaintiff respectfully requests that the Court dismiss the remaining state-law claims against TPG and Gilmartin without prejudice as permitted by well-settled law and permit the plaintiff to recommence this action against Defendants TPG and Gilmartin in New York State court.

Of course, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court

involving pendent state-law claims.  When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988)(quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726-272, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966)). The Court in Gibbs also indicated that these factors usually will favor a decision to relinquish jurisdiction when "state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." Id. at 726, 1139.

In the absence of Federal Claims, the U.S. Supreme Court has stated that a District Court ordinarily should decline the exercise of jurisdiction by dismissing the state claims without prejudice.  Carnegie-Mellon, supra at 350; Gibbs, supra at 726.  See also, Berman v. Parco, 986 F.Supp. 195 (S.D.N.Y. 1997)(in the exercise of its discretion, the Court dismissed plaintiffs' pendent state law claim against defendant Greenberg without prejudice); O'Diah v. New York City, Not reported in F.Supp.2d (2002 WL 1941179)(where no federal claims remain in an action, and diversity jurisdiction is lacking, a district court is not required to retain jurisdiction of remaining state law claims); Myers v. Long Island Lighting Co., 623 F.Supp. 1076, 1080 (E.D.N.Y. 1985)(it has been held that where subject matter jurisdiction is lacking, an action must be dismissed and "[w]here the court does not have subject matter jurisdiction, it should refrain from any further exercise of power"); Panhandle Eastern Pipe Line Co. v.

Federal Power Commission, 343 F.2d 905, 908 (U.S. Ct of Appeals, 8th Cir. 1965)(a court without jurisdiction has no power to adjudicate but can only dismiss the proceeding for lack of jurisdiction).

In addition, the TPG defendants' instant motion to dismiss for failure to state a claim upon which relief can be granted should be dismissed outright as untimely.  The Defendants' right to assert "failure to state a claim" defense arose at the time of the original complaint.  Here, plaintiff filed her original complaint on or about October 28, 2008.  The TPG Defendants filed an amended answer to the original complaint on or about July 28, 2009.  The Defendants, however, did not assert the available defense against the original complaint but, instead, answered the original complaint without asserting such defense.  The TPG Defendants should have raised the defense in a motion to dismiss the original complaint.  As a result, Defendants' motion to dismiss is untimely.  In re Morrison, 421 B.R. 381(Bkrtcy. S.D.Tex. 2009);  see also, Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)(per curiam)(holding that the Rule 12(b)(6) motion that followed an answer was untimely). Accord Keefe v. Derounian, 6 F.R.D. 11, 13 (N.D.Ill. 1946)(holding that a motion to dismiss was untimely when the defense "existed at the beginning of the case," but was not raised).

Accordingly, as the defendants did not preserve their right to assert the defense of "failure to state a claim" in their amended answer to the original complaint as to plaintiff's causes of action for defamation, negligent misrepresentation and intentional

infliction of emotional distress, the instant motion to dismiss these same causes of action should be denied in its entirety as untimely.

## ARGUMENT

### I.   PLAINTIFF'S COMPLAINT IS LEGALLY SUFFICIENT

Notwithstanding the foregoing, to the extent this Court entertains Defendant TPG's instant motion, it should be denied a matter of law.  The erroneous claims that plaintiff's complaint is insufficient as its allegations are mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are without legal or factual merit.  (See, Defendants' memorandum of law, page 5).

The plaintiff's complaint is twelve (12) pages in length with fifty-one (51) paragraphs detailing the factual allegations that give rise to and support the causes of action brought against the TPG Defendants.

The Federal Rules of Civil Procedure for the United States District Courts, Rule 8(a)(2) requires that the pleader provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2);  see also, Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 102 (1957).  The central purpose of Rule 8(a)(2) is to give the defendant fair notice of what claim is being pressed against him so that he can make an adequate response.  See, Conley at 47; see also, 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 1357 and § 1202 (1990)("The only function left to be performed by the pleadings alone is that of notice").

The determination of what amount of detail will satisfy the "fair notice" requirement of the Rule depends upon an analysis of the substantive claim that a plaintiff seeks to prove. See, Wright & Miller § 1217.

In addition, plaintiffs must plead with particularity the "circumstances" of the alleged wrongdoing in order to place the Defendants on notice of the precise misconduct with which they are charged.  See, Loftus v. Southeastern Pennsylvania Transp. Authority, 843 F.Supp. 981, 28 Fed.R.Serv.3d 1196 (E.D.Pa.1994).

Here, the factual allegations as alleged in plaintiff's amended complaint are succinct and clearly plead with particularity the circumstances of the causes of action for defamation, negligent misrepresentation and intentional infliction of emotional distress. Specifically, the following allegations are examples of the detailed facts set forth in the amended complaint in support of plaintiff's causes of action against the TPG Defendants:

> "On or about January 3, 2008, Gilmartin published to Nathan Dunlap at Kroll the false statements that plaintiff had been employed as an "Administrative Assistant" at TPG, that plaintiff had "embezzled" from TPG, and that TPG was "currently going through a lawsuit against plaintiff." (See, plaintiff's amended complaint, paragraph 12).

> "On February 1, 2008, First Reserve withdrew its offer of permanent employment and terminated plaintiff from her employment in reliance on the Kroll Report that falsely stated that plaintiff had "embezzled" from TPG, and that TPG was "currently pursuing a lawsuit against plaintiff."" (See, plaintiff's amended complaint, paragraph 15).

> "On or about February 2, 2008, defendant Gilmartin published false statements to Debbie Williamson regarding plaintiff's theft from the

company in the amount of $2,500.00 to $3,000.00."   (See, plaintiff's amended complaint, paragraph 16).

"The Kroll Report identifies the President/Owner of TPG as the "Source of Data" contained within the Kroll Report, including the false claim that plaintiff had "embezzled" from TPG, and that TPG was "currently pursuing a lawsuit against plaintiff.""   (See, plaintiff's amended complaint, paragraph 18).

"Defendant Gilmartin is the "Source of Data" in connection with the Kroll Report."  (See, plaintiff's amended complaint, paragraph 19).

"The Defendants TPG and Gilmartin with malice and willful intent falsely reported to Kroll and other unknown individuals and/or entities that plaintiff "embezzled" from TPG, and that TPG was "currently pursuing a lawsuit against plaintiff" knowing or having reasonable cause to believe that such information was inaccurate."   (See, plaintiff's amended complaint, paragraph 23).

"The Defendants TPG and Gilmartin, with malice and willful intent, failed and refused to notify Kroll and other unknown individuals and/or entities that the information provided to Kroll in connection with plaintiff's employment was inaccurate; and, TPG and Gilmartin, with malice and willful intent, failed and refused to provide Kroll and other unknown individuals or entities any correction or any additional information necessary to make the information provided to Kroll complete and accurate.  Moreover, the Defendants TPG and Gilmartin failed to return any telephone calls from Kroll or First Reserve regarding the false statements."  (See, plaintiff's amended complaint, paragraph 24).


Accordingly, in a light most favorable to the plaintiff, plaintiff's amended complaint is legally sufficient and plaintiff has met her obligation and shown the circumstances which entitle her to relief in this action.

II.     **PLAINTIFF'S PENDENTE CLAIMS AGAINST THE
        TPG DEFENDANTS ARE NOT PREEMPTED**

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, does not, as
the TPG Defendants' would have this Court believe, preempt the state law claims
against the TPG Defendants.


It is well-settled that under the FCRA, that pendente claims that include
allegations of willful intent or malice are permitted; such misconduct has been alleged
within the plaintiff's Amended Complaint herein.   Kane v. Guar. Residential Lending,
Inc., No. 04-CV-4847, 2005 WL 1153623, at *6 (E.D.N.Y. May 16, 2005).  See also,
Ryder v. Washington Mut. Bank, 371 F.Supp.2d 152, 154 -155 (D.Conn. 2005);  Jarrett
v. Bank of America, 421 F.Supp.2d 1350, 1354 (D.Kan. 2006);  Cox v. Beneficial Kan.,
Inc., No. 04-4128, 2005 WL 627974, at *3 (D.Kan. Mar. 9, 2005); Aklagi v.
NationsCredit Fin. Servs., 196 F.Supp.2d 1186, 1194-95 (D.Kan. 2002).


The Defendants rely upon two statutes addressing the preemption of state law
claims as the basis for their instant application, 15 U.S.C. §1681t[1] and 15 U.S.C.
§1681h(e).   However, defendants' interpretation of 15 U.S.C. §1681h(e) is wholly
misplaced as that statute specifically permits plaintiff's state law claims arising out of
information furnished with malice and/or willful intent.

---

[1] Section 1681t(b)(1)(F), the absolute immunity provision, provides:
No requirement of prohibition may be imposed under the laws of any State - .... with
respect to any subject matter regulated under ... section 1681s-2 of this title, relating to
the responsibilities of persons who furnish information to consumer reporting agencies.

Initially it is important to note that the Defendants' argument that 15 U.S.C. §1681h(e) is inapplicable because it "applies just to consumer reporting agencies" is patently incorrect as it specifically applies to furnishers of information to a consumer reporting agency.

> 15 U.S.C. § 1681h(e) provides in pertinent part:
>
>> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against ... <u>any person who furnishes information to a consumer reporting agency</u>, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report <u>except as to false information furnished with malice or willful intent to injure such consumer.</u>
>> 15 U.S.C. §1681h(e) (footnote omitted) (emphasis added).

Also, while section 1681t "appears to grant absolute immunity to furnishers of information, [§1681h(e)] appears to bestow only qualified immunity, while permitting claims that include allegations of willful intent or malice." <u>Kane v. Guar. Residential Lending, Inc.</u>, No. 04-CV-4847, 2005 WL 1153523, at *6 (E.D.N.Y. May 16, 2005).

District Courts have developed different approaches to reconcile this apparent conflict: a "total preemption" approach; a "temporal" approach; and a "statutory" approach.

Under the total preemption approach, "all state causes of action against furnishers of information are deemed preempted by section § 1681t(b)(1)(F)." <u>Kane</u> at

*7; see also, Holtman v. Citifinancial Mortgage Co., No. 05-CV-1571, 2006 WL 1699589, at *3 (D. Conn. June 19, 2006).   However, this total preemption approach renders section 1681h(e) a nullity even though Congress did not expressly repeal it with the passage of section 1681t.   Moreover, application of this approach is manifestly unjust as it would prohibit plaintiff from seeking redress against TPG and Gilmartin's in connection with her otherwise valid claims.

Under the temporal approach, the only state law claims preempted by section 1681t(b)(1)(F) are those pertaining to actions of furnishers of information after the furnisher has received notice of plaintiff's dispute.   However, actions taken before notice has been received are not preempted by section 1681t(b)(1)(F) and are governed by section 1681h(e).   See, Kane at *8.

Thus, under the temporal approach, a plaintiff may bring a common law state claim if it relates to actions taken by a furnisher of information before it received notice and if the furnisher took action with malice or willful intent to injure.   Id.; see also, Ryder v. Washington Mut. Bank, 371 F.Supp.2d 152, 154-155 (D.Conn. 2005); Jarrett v. Bank of America, 421 F.Supp.2d 1350, 1354 (D.Kan. 2006); Cox v. Beneficial Kan., Inc., No. 04-4128, 2005 WL 627974, at *3 (D.Kan. Mar. 9, 2005); Aklagi v. NationsCredit Fin. Servs., 196 F.Supp.2d 1186, 1194-95 (D. Kan. 2002); and Prakash v. Homecomings Fin., No. 05-CV-2895, 2006 WL 2570900, at *5 (E.D.N.Y. Sept. 5, 2006).

As a result, and contrary to Defendant TPG's assertions, a plaintiff may bring claims for actions that took place <u>before</u> a furnisher of information has notice of inaccuracies in its information pursuant to section 1681h(e) and "plaintiff alleges that the furnisher of information provided inaccurate information with malice and willful intent to injure the consumer." <u>See</u>, <u>Kane</u> at *8.  Here, there is no dispute that plaintiff's claims are based on actions that occurred before the furnisher of information received notice.

Finally, under the statutory approach, courts have held that only state statutes are preempted by section 1681t(b)(1)(F), "while section 1681h(e)-and its malice requirement-permit state common law torts." <u>Kane</u> at *8; <u>see also</u>, <u>Barnhill v. Bank of Am.</u>, 378 F.Supp.2d 696, 703-04 (D.S.C. 2005); <u>Watson v. Trans Union Credit Bureau</u>, No. 04-205, 2005 WL 995687, at *8 (D.Me. April 28, 2005); <u>Yutesler v. Sears Roebuck and Co.</u>, 263 F.Supp.2d 1209 (D.Minn. 2003); and <u>Manno v. Am. Gen. Fin. Co.</u>, 439 F.Supp.2d 418, 429 (E.D.Pa. 2006).

Under both the temporal and statutory approaches, plaintiff's right to bring her action against Defendants TPG is specifically authorized by 15 U.S.C. § 1681h(e). Accordingly, plaintiff's state law claims that TPG and Gilmartin's furnishing of false information was willful and malicious and occurred prior to receipt of any notice of inaccuracies are not preempted by the FCRA.

The case law relied upon by Defendants TPG to support their argument that 15 U.S.C. §1681t(b)(1)(F) applies is distinguishable.  The Court in <u>Davis v. Maryland Bank,</u>

N.A., 2992 US Dist. LEXIS 26468, 2002 WL 32713429, *12-13 (N.D. Cal. 2002)
specifically found that the facts in Davis did not support the application of, or review of,
15 U.S.C. §1681h(e).  In Davis, it was alleged that the furnisher of information failed to
investigate complaints of inaccurate statements it made to a credit reporting agency.
The same is true of the decisions in Premium Mortgage Corp. v. Equifax, Inc., 583 F.3d
103 (2d. Cir. 2009)(quoting, Cipolline v. Liggett Group, Inc., 505 U.S. 504, 112 S.Ct.
2608 (1992)) and Barberan v. Nationpoint, 2010 WL 1529324 (S.D.N.Y. 2010) where
both Courts did not review the applicability of 15 U.S.C. §1681h(e) as the facts in each
case fell squarely within the purview of 15 U.S.C. §1681t(b)(1)(F).  Moreover, there was
no indication the plaintiffs in those cases pled "willful or malicious conduct" on the part
of the Defendants.  That is not the case here as the false statements are alleged to
have been made willfully and maliciously.

In addition, the Court in Howard v. Municipal Credit Union, 2008 WL 782760, *9
(S.D.N.Y. 2008) did not discuss the application of 15 U.S.C. §1681h(e) only indicating
that "any state law claim predicated on a furnisher providing inaccurate information after
receiving notice of the dispute 'is completely preempted by § 1681t(b)(1)(F)'." citing,
Kane v. Guar. Residential Lending, Inc., No. 04-CV-4847 (ERK), 2005 U.S. Dist. LEXIS
17052, at *22, 2005 WL 1153623 (E.D.N.Y. May 9, 2005). (emphasis added).

Moreover, Defendants reliance upon Holtman v. CitiFinancial Mortgage Co.,
2006 WL 1699589 (D.Conn. Hall, J.) is misplaced.  Not only would application of
Holtzman unjustly prevent plaintiff from pursuing her valid state law claims against the

12

TPG Defendants, the facts and reasoning of Holtzman have no application to this matter.  In Holtzman, the Court found that section 1681h(e) was inapplicable because the information at issue therein was not furnished pursuant to either section 1681g, 1681h or 1681m of the FCRA.  Here, however, the false and damaging information was disclosed pursuant to 1681g, 1681h and 1681m (as authorized by plaintiff in connection with her then employer First Reserve).

### III.   RELATION BACK DOCTRINE – F.R.C.P. 15(C) ARGUMENT

In addition, the TPG Defendants' argument that the "new" allegations in the Amended Complaint do not relate back to the date of the filing of plaintiff's original complaint is unavailing.

Federal Rule of Civil Procedure 15(c)(1)(B) provides that:

> [a]n amendment to a pleading relates back to the date of the original pleading when . . .the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.

The central inquiry is "whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." Slayton v. Am. Express Co., 460 F.3d 215, 228 (2d Cir. 2006) (citing Stevelman v. Alias Research Inc., 174 F.3d 79, 86 (2d Cir. 1999)); see also, Rosenberg v. Martin, 478 F.2d. 520, 526 (2d Cir. 1973), cert. denied, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); and Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 2385, 91 L.Ed.2d 18 (1986).

The initial summons and complaint dated October 28, 2008 specifically included allegations that false statements were made by Defendants TPG and Gilmartin "to Kroll and other unknown individuals and/or entities" that plaintiff had "embezzled" from TPG and TPG was "currently pursuing a lawsuit against plaintiff".   See, Complaint at ¶19. Thus, Defendants TPG were put on notice that the pleading included multiple acts of dissemination of false statements to several people not yet fully known to plaintiff.  The Amended Complaint simply particularizes plaintiff's claims in further detail but greater specificity as to what was initially pled and involve a "common core of operative facts." See, Contemporary Mission, Inc. v. New York Times, Co., 665 F.Supp. 248 (S.D.N.Y. 1987).

The Court in Contemporary Mission, Inc. held that the critical inquiry is whether the defendant "ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be altered or that other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question." See, Id. at 256; see also, 6 Wright & Miller, Federal Practice and Procedure: Civil §1497 at 499 (1971); Senger v. Soo Line R. Co., 493 F.Supp.143, 145 (D.Minn. 1980)(when a suit is filed in federal court, the defendant knows that the whole transaction described in it will be fully scrutinized, by amendment if necessary).

Here, the Amended Complaint identifies those persons and specific dates not previously known to plaintiff of the particular acts undertaken by the TPG Defendants in the dissemination of false statements made to Kroll which were specifically pled in the

original complaint. See, Complaint at ¶19. The Amended Complaint identifies those previously "unknown" individuals that received false statements from Defendants TPG and Gilmartin in their pursuit of furnishing information to Kroll that plaintiff had embezzled from TPG and TPG was pursuing a lawsuit against plaintiff. See, Amended Complaint at ¶¶11-13, 16 and 39.

It is clear that the "new" allegations in the Amended Complaint "relate back" to the original pleading as they are merely a particularization of the same conduct, transaction, or occurrence set out in plaintiff's original complaint – namely that the TPG Defendants willfully made false statements about plaintiff that caused her injury. Because the TPG Defendants were on notice within the statute of limitations by the general fact situation alleged in plaintiff's original pleading, the TPG Defendants' assertion that the state law claims are barred as untimely is without merit.

Finally, the caselaw relied upon by Defendants is clearly distinguishable in that the Courts in Pruiss v. Bosse, 912 F.Supp. 104, 106 (S.D.N.Y. 1996) and Rickman v. Cone Mills Corp., 129 F.R.D. 181 (D of Kan. 1989) found that the new claim of defamation was made to a new person who was also brought in as a new party and thus, it was a separate act. However, the Court in Pruiss acknowledged an amendment can make more specific what has already been alleged. Here, no new party was added and no new claim of defamation, only a more specific pleading of the original claims regarding the TPG Defendants' dissemination of false statements in their furnishing information to Kroll.

Thus, the TPG Defendants were on notice within the statute of limitations by the general fact situation alleged in plaintiff's original pleading, the TPG Defendants' assertion that the state law claims are barred as untimely is without merit.

## CONCLUSION

**WHEREFORE**, plaintiff respectfully requests that this Court deny Defendants' motion in its entirety.

Dated:  White Plains, New York
        July 30, 2010

                                    Yours, etc.

                          By:     _____
                                  DONALD S. CAMPBELL, ESQ. (3691)
                                  Attorneys for Plaintiff
                                  ASHLEY BRENT
                                  One North Broadway, Suite 1202
                                  White Plains, New York 10601
                                  Tel. No.: (914) 285-1400
                                  Fax No.: (914) 285-1401